**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

**UNITED STATES OF AMERICA** )
)   CRIMINAL ACTION NO.
  **v.** )       2:17cr476-MHT
)            (WO)
**TIFFANY ELIZABETH KITCHENS** )

OPINION AND ORDER

This cause is before the court on defendant Tiffany Elizabeth Kitchens's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for March 12, 2018, should be continued.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a

>     judicial officer of the court in which such
>     charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Jackson in a speedy trial. Kitchens represents that her counsel needs additional time to investigate and research factual and legal issues material to this case, and to obtain necessary criminal records and mental-health records concerning Kitchens. A continuance is warranted to allow defense

2

counsel sufficient time to investigate and prepare to defend Kitchens, who faces at least a mandatory minimum sentence of two years if convicted. The court's decision to grant a continuance is buttressed by the fact that the government does not oppose the continuance.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Tiffany Elizabeth Kitchens's motion for continuance (doc. no. 32) is granted.

(2) The jury selection and trial, now set for March 12, 2018, are reset for May 21, 2018, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 28th day of February, 2018.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE