IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )        2:17cr476-MHT
                            )             (WO)
TIFFANY ELIZABETH KITCHENS  )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal-history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the office of the United States Attorney, the United States Probation Office, the Federal Defender's office, and the

Clerk of Court's office, to determine whether a defendant might be eligible for a reduction of sentence.

Defendant Tiffany Elizabeth Kitchens filed a motion for a sentence reduction (Doc. 152) based on Amendment 821's changes to the Sentencing Guidelines. The court referred the motion to the Panel.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered April 8, 2024, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Tiffany Elizabeth Kitchens is not eligible to receive a reduction in sentence pursuant to Amendment 821 because she is serving a sentence on a revocation of supervised release; only a term of imprisonment imposed as part of the original sentence can be be reduced as a result of Amendment 821. *See* U.S. Sentencing Guidelines §1B1.10 ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range"), comment. n. 8 (2023 ed.) ("Exclusion Relating to

2

Revocation.—Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.").

An appropriate order will be entered.

DONE, this the 8th day of April, 2024.

                                            /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**